NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BILLIE EUGENE GIST, | |
| Plaintiff, | Civil Action No. 14-6449 (MAS) (LHG) |
| v. | |
| PRINCETON HEALTHCARE SYSTEM, | **MEMORANDUM OPINION** |
| Defendant. | |

**SHIPP, District Judge**

Plaintiff Billie Eugene Gist ("Plaintiff") brings this action alleging that defendant Princeton Healthcare System ("Defendant") unlawfully discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA") and New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1 ("LAD"). Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's motion is granted.

**I.  Background**

Beginning in October 1994, Plaintiff was employed with Defendant as a Central Supply Room Technician. (Compl., Statement of Facts ("SOF")[1] ¶ 1, ECF No. 1.) In 2003, Plaintiff suffered an unspecified "job injury." (*Id.*) The injury required surgery and "the significant use of

---

[1] The Complaint is broken up into several sections (e.g., "Jurisdiction and Venue"; "Statement of Facts"). Paragraph numbering begins with "1" in the section captioned Jurisdiction and Venue, and begins again with "1" in the section captioned Statement of Facts. The Court, therefore, cites to the relevant section in addition to the paragraph number.

prescription medication." (*Id.*) Plaintiff informed "[D]efendant of his disability,"[2] and upon returning to work after his injury, he was placed in the "step down" position of Front Office Clerk. (*Id.* ¶ 2.) In 2011, Plaintiff suffered a second, unspecified workplace injury and required surgery in March 2011. (*Id.* ¶ 3.) As a result of "[P]laintiff's disability,"[3] Plaintiff was required to take certain medications, which caused side effects including delayed thought, difficulty with walking, and drowsiness. (*Id.*) Plaintiff returned to work in July 2011 with the restriction that he be placed on light-duty work for approximately six months. (*Id.* ¶ 4.) After the six-month period, Plaintiff returned to full duty. Thereafter, Plaintiff's workload was increased beyond the scope of Plaintiff's pre-light-duty workload. (*Id.*) Plaintiff alleges that he "repeatedly" sought unspecified "accommodations" and requested that his workload be reduced. (*Id.* ¶ 5.) Those requests were denied. (*Id.*) Plaintiff was offered a new position, but according to the Complaint, "that position mysteriously failed to realize." (*Id.* ¶ 6.) Plaintiff's employment was terminated in June 2012 for "performance reasons." (*Id.* ¶ 7; Ex. A.)

On August 13, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Compl., Jurisdiction and Venue ¶ 5.) On July 21, 2014, the EEOC issued a Dismissal and Notice of Rights. (*Id.* ¶ 6.) Plaintiff filed the instant Complaint on October 19, 2014. (ECF No. 1.) The Complaint contains three counts. The first alleges violation of the ADA. The second alleges violation of the LAD. The last count is a tort claim alleging intentional and/or negligent infliction of emotional distress.

---

[2] The Complaint provides no further details regarding the nature of this "disability."

[3] As with the earlier reference to a "disability," the Complaint provides no further details regarding the nature of this second "disability."

## II. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, in order to withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and, therefore, survives a motion to dismiss, the Third Circuit has set forth a three-step analysis. A court must (1) "outline the elements a plaintiff must plead to a state a claim for relief"; (2) "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal quotation marks omitted); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

### III. Analysis

#### A. Timeliness of LAD Claim

In Count Two of the Complaint, Plaintiff asserts that Defendant violated New Jersey's LAD by discriminating against him on the basis of a handicap and by failing to accommodate an alleged disability. (Compl., Count Two ¶¶ 12-16.) Claims under the LAD are subject to a two-year statute of limitations. *Montells v. Haynes*, 133 N.J. 282, 286 (1993). Here, the latest that Plaintiff's claim could have accrued was June 13, 2012, the date Plaintiff was terminated. The Complaint was filed more than two years later, on October 19, 2014. (*See* ECF No. 1.) Defendant argues that the LAD claim is, therefore, untimely.

In response, Plaintiff argues that there are questions with respect to the timeliness issue that require further factual development, particularly with regard to the administrative actions Plaintiff filed with the EEOC and the State of New Jersey. The Court disagrees. As stated in the Complaint (and its attachments), Plaintiff filed a charge of discrimination with both the EEOC and New Jersey's Division of Civil Rights ("DCR").[4] However, the fact that Plaintiff chose to pursue these administrative remedies prior to filing his LAD claim does not toll or otherwise override the LAD's two-year limitation period. Courts have held that pursuing a charge of discrimination with the EEOC or the DCR does not toll the relevant limitations period. *See Golembeski v. Moorestown Twp. Public Schools*, No. 11-2784, 2013 WL 1007672, at *6 (D.N.J. Mar. 13, 2013) (LAD statute of limitations not tolled by dually filed claim with the DCR and EEOC); *Wolf v. PRD Mgmt., Inc.*, No. 11-2736, 2012 WL 1044504, at *3 (D.N.J. Mar. 27, 2012) (same); *Cox v. Scholastic Book*

---

[4] The EEOC and DCR are parties to a worksharing agreement that provides a procedure for individuals to file dual charges of employment discrimination with both the EEOC and DCR under federal and state laws. (Compl., Ex. A ("Addendum to Charge of Discrimination").)

4

*Fairs*, No. 05-4190, 2006 WL 1228615, at *3 (D.N.J. May 5, 2006) (same); *Sylvester v. Unisys Corp.*, No. 97-7488, 1999 WL 167725, at *8 (E.D. Pa. Mar. 25, 1999) (same).

Plaintiff has pointed to no authority or fact that would justify an exception to application of the two year statute of limitations here. The Court finds that Plaintiff's LAD claim is time-barred and, therefore, is dismissed with prejudice.

**B.    ADA Claim**

Defendant moves for dismissal of Plaintiff's ADA claim contending that the facts in the Complaint, or a lack thereof, do not state a plausible claim for relief. Plaintiff, on the other hand, contends that the facts alleged are sufficient to meet the requisite pleading standards. The Third Circuit has held that:

> to state a claim for discrimination under the ADA, a plaintiff must allege that: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.

*Twillie v. Erie Sch. Dist.*, 575 F. App'x 28, 32 (3d Cir. 2014) (internal quotation marks omitted). Under the ADA, discrimination includes "failing to make reasonable accommodations for a plaintiff's disabilities." *Id.* Consequently, an employer who does not make reasonable accommodations for known physical or mental limitations violates the ADA unless the employer shows that the accommodation would impose an undue hardship on the operation of its business. *Id.*

The Court finds that Plaintiff's Complaint is short on facts necessary to state a plausible ADA claim. At the threshold, the Complaint does not contain factual allegations to support a claim that Plaintiff was a disabled person within the meaning of the ADA. A person is "disabled" under the ADA if he has "a physical or mental impairment that substantially limits one or more major

life activities," has "a record of such an impairment," or was "regarded as having such an impairment." 42 U.S.C. § 12102. Here, the Complaint contains little more than a bald assertion that Plaintiff had a "disability," presumably as a result of the unspecified injury Plaintiff suffered. (Compl., SOF ¶ 3.) The Complaint contains no allegations regarding the nature of the alleged disability such that it can be inferred that Plaintiff suffered from an impairment that "substantially limit[ed] one or more major life activities." *See* 42 U.S.C. § 12102. Without more, the factual allegations in the Complaint are simply insufficient to meet the first prong of the ADA analysis. *See, e.g., Nguyen v. Quick Check Store No. 129*, No. 12-3300, 2013 WL 6623923, at *3 (D.N.J. Dec. 16, 2013) (finding general allegations of pain in hands and back, without more, insufficient to support the first prong of an ADA claim).

The second requirement to state an ADA claim requires Plaintiff to establish that "he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999); 42 U.S.C. § 12111(8). The Complaint, however, does not contain any factual allegations regarding Plaintiff's duties and whether Plaintiff could perform the essential functions of the position if the request for accommodations would have been granted. The Complaint does not even state what type of accommodation was sought. Also, there are no allegations of fact that link Plaintiff's termination with either his alleged disability or his request for accommodations. Indeed, the facts are so sparse the Court cannot even determine what temporal relationship existed between Plaintiff's requests for accommodations and his termination in order to possibly infer a causal connection. Because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Plaintiff's ADA claim is dismissed. *See Iqbal*, 556 U.S. at

678. This claim is dismissed without prejudice to allow Plaintiff the opportunity to file an amended complaint to correct the deficiencies in his ADA claim.

### C. Intentional/Negligent Infliction of Emotional Distress

Count Three of the Complaint alleges a claim for intentional and/or negligent infliction of emotional distress. In order to state a claim for intentional infliction of emotional distress, a plaintiff must plead facts showing "'intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe.'" *Taylor v. Metzger*, 152 N.J. 490, 509 (1998) (quoting *Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 365-67 (1988)). A defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Subbe-Hirt v. Baccigalupi*, 94 F.3d 111, 114 (3d Cir. 1996). Here, the Complaint is utterly and completely devoid of any facts supporting the elements of this cause of action. When the Court "peel[s] away those allegations that are no more than conclusions," there simply are no facts pled that show outrageous conduct on the part of Defendant, nor are there any facts that show the existence of severe emotional distress experienced by Plaintiff. *Bistrian*, 696 F.3d at 365. For similar reasons, Plaintiff's claim for negligent infliction of emotional distress fails.

More importantly, however, Plaintiff's tort claims here appear to be time-barred. The statute of limitations for both intentional and negligent infliction of emotional distress is two years. *Taffaro v. Taffaro*, No. 23222-12, 2015 WL 3511932, at *2 (N.J. Super. App. Div. June 5, 2015). The latest Plaintiff's claims could have accrued was June 2012, when his employment was terminated. Because Plaintiff did not file his Complaint within two years of that time, his tort claims are untimely. They are, therefore, dismissed with prejudice.

IV. **Conclusion**

For the reasons set forth above, Defendant's motion to dismiss is granted. Plaintiff's LAD claim and common law tort claims are dismissed with prejudice. Plaintiff's ADA claim is dismissed without prejudice to Plaintiff filing an amended complaint to correct the deficiencies identified in this Memorandum Opinion. An appropriate order accompanies this Memorandum Opinion.

_s/ Michael A. Shipp_
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: July 30, 2015